01

02

03

04

05

06          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
07                  AT SEATTLE

08  UNITED STATES OF AMERICA,              )
                                           )    CASE NO. CR06-0134-RSL
09          Plaintiff,                     )
                                           )
10      v.                                 )    SUMMARY REPORT OF U.S.
                                           )    MAGISTRATE JUDGE AS TO
11  JERRY COLIN SOLOMON, JR.               )    ALLEGED VIOLATIONS OF
                                           )    SUPERVISED RELEASE
12          Defendant.                     )
    _____       )

13

14          An evidentiary hearing on supervised release revocation in this case was scheduled

15  before me on February 11, 2013.  The United States was represented by AUSA Sarah Kate

16  Vaughan and the defendant by Kevin Peck.  The proceedings were digitally recorded.

17          Defendant had been sentenced on or about November 6, 2006 by the Honorable Robert

18  S. Lasnik on a charge of Sexual Assault of a Minor, and sentenced to thirty-three months

19  custody, three years supervised release. (Dkt. 32.)

20          The conditions of supervised release included the standard conditions plus the

21  requirements that defendant abstain from alcohol and participate in alcohol treatment, be

22  prohibited from entering any establishment where alcohol is the primary commodity for sale,

participate in a drug testing program, submit to search, participate in a mental health program/sexual offender treatment program and make reasonable progress therein, have no unsupervised contact with minor children, submit to polygraph examination, follow all other lifestyle restriction or treatment requirements imposed by his therapist, and not possess or use any sexually explicit material.

On September 26, 2008, defendant's supervised release was modified to require satisfactory participation in a residential reentry program for up to 180 days. (Dkt. 34.) On August 24, 2009, defendant admitted violating the conditions of supervised release by failing to follow the instructions of his probation officer, failing to register with the state sex offender registration agency, and failing to report to his probation officer within 72 hours of release from the federal Bureau of Prisons. (Dkt. 45.) Defendant was sentenced to 10 months in custody, 26 months supervised release. (Dkt. 49.) Additional conditions required the defendant to not go to places within 100 feet of an area where minors are known to frequent, have his residence pre-approved by the probation office, have no direct or indirect contact of any kind with the victim, and reside in a residential reentry center for up to 120 days.

On January 4, 2011, defendant was sentenced to 4 months custody, 20 months supervised release for violating the conditions of supervised release by committing the crime of theft in the 3rd degree. (Dkt. 62.)    On August 12, 2011, defendant was sentenced to 10 months custody, 10 months supervised release for failing to truthfully answer all inquiries of the probation officer, having unauthorized contact with a child under the age of 18, perusing material that contains sexually explicit conduct, and failing to comply with the location monitoring program. (Dkt. 76.)

01    On January 11, 2012, the conditions of supervised release were modified to require

02 defendant to reside in and satisfactorily complete a residential reentry program for up to 180

03 days. (Dkt. 78.) On April 25, 2012, the conditions of supervise release were against modified to

04 require residential reentry program participation for up to 180 days. (Dkt. 79.)

05    In an application dated October 20, 2012 (Dkt. 81, 82), U.S. Probation Officer Monique

06 D. Neal alleged the following violation of the conditions of supervised release:

07    1.    Failing to comply with the Location Monitoring Program on October 20, 2012,

08 in violation of the special condition requiring him to participate in the Location Monitoring

09 Program home detention component with active GPS technology for a period of 90 days.

10 In an application dated January 2, 2013 (Dkt. 86, 87), U.S. Probation Officer Steven R.

11 Gregoryk alleged the following violation of the conditions of supervised release, which he

12 recommended be incorporated with the previously reported violation:

13    2.    Committing the crime of shoplifting (alcohol) on December 19, 2012, in

14 violation of the general condition of supervision which states that the defendant shall not

15 commit another federal, state, or local crime.

16    Defendant was advised in full as to those charges and as to his constitutional rights.

17    Defendant admitted alleged violations 1 and 2 and waived any evidentiary hearing as to

18 whether they occurred.

19    I therefore recommend the Court consolidate the violations for hearing, find defendant

20 violated his supervised release as alleged in violations 1 and 2, and conduct a hearing limited to

21 the issue of disposition. The next hearing will be set before Judge Lasnik.

22    Pending a final determination by the Court, defendant has been detained.


SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3

01        DATED this <u>11th</u> day of February, 2013.

02

03                                     Mary Alice Theiler

04                                     United States Magistrate Judge

05

06

07

08  cc:      District Judge:             Honorable Robert S. Lasnik
              AUSA:                   Sarah Kate Vaughan

09              Defendant's attorney:    Kevin Peck
              Probation officer:       Monique D. Neal

10

11

12

13

14

15

16

17

18

19

20

21

22